[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 108)
The plaintiff, Sherevalette Paris, filed a complaint on March 15, 1999, alleging in a single count that the defendant, Donald P. Troutman, acting as the agent of the defendant, Bridgeport Yellow Cab Co., Inc., was careless and negligent in the operation CT Page 12813 of a motor vehicle, thereby causing injury to the plaintiff.
On June 2, 1999, the defendants filed a revised answer and special defense claiming that the alleged injuries to the plaintiff were directly and proximately caused by the intervening and/or supervening negligence of an unknown motorist. On June 11, 1999, the plaintiff filed a motion to strike the defendants' special defense on the ground of legal insufficiency.[1]
In response, the defendants argue in their memorandum that they "are not seeking an apportionment of liability . . . for the conduct of an unidentified person." They argue, rather, that even assuming the facts as asserted by the plaintiff they were not responsible for the plaintiff's injuries. Specifically, they argue that "if the evidence at trial establishes that the intervening and/or supervening negligence of an unknown motor vehicle operator . . . was the cause of the accident, then the plaintiff cannot recover against the undersigned defendants."
The ground of the plaintiff's motion may not properly be advanced against the defendants' special defense because the defendants have not alleged proportionate liability. In the analogous case of Hillman v. York Auto of New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 299668 (October 25, 1990, Schimelman, J.) (2 Conn. L. Rptr. 683, 684), the defendant filed a special defense alleging that the plaintiff's injuries "were caused by the independent intervening acts of an unknown person." The plaintiff moved to strike the special defense on the ground that the liability cannot be apportioned among nonparties. Id. In denying the motion to strike, the court held that: "The first special defense does not seek to apportion damages or liability. Rather, this defense denies liability altogether by alleging that other actors were the proximate cause of plaintiff's injuries. . . . The defendant . . . alleges the absence of proximate cause, not the contributing proximate cause of joint tortfeasors." Id. As inHillman, the defendants here claim that the intervening and/or supervening negligence of another was the direct and proximate cause of the plaintiff's injuries. Thus, they make no claim for apportionment in their special defense. They claim that they bear no responsibility, not that they bear merely a portion of it. Consequently, the plaintiff's motion, grounded in the law of apprortionment, is inappropriate.
Accordingly, plaintiff's motion to strike defendants' special CT Page 12814 defense is hereby DENIED.
Melville, J.